IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KWANE DOZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-009 |
| | ) | |
| WARDEN PERRY and DEBRA COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia filed this case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   SCREENING OF THE AMENDED COMPLAINT**

   **A.   BACKGROUND**

Plaintiff filed his initial complaint on January 29, 2024, naming two Defendants and asserting a multitude of frivolous and unrelated claims that took place at ASMP beginning in October 2023. (See doc. no. 1.) Upon screening Plaintiff's complaint, the Court determined it was a quintessential shotgun pleading of the type soundly condemned by the Eleventh Circuit Court of Appeals and improperly joined claims in contravention to Fed. R. Civ. P. 20(a)(2). (See doc. no. 3.) The Court gave Plaintiff thirty days to file an amended complaint to address the pleading deficiencies. (Id.)

Plaintiff's amended complaint asserted both the same and additional unrelated claims occurring at ASMP against the same two Defendants: (1) Warden Perry and (2) Debra Collins. (See doc. no. 5.) Plaintiff's allegations are as follows.

Plaintiff arrived at ASMP for "medical reasons" on October 23, 2023. (Id. at 4, 12.) There are "trap doors in cell walls" with "hidden access for other inmates to enter your/the cell unwelcomed and unannounced." (Id. at 4-5, 13.) On January 31, and February 2, 2024, prison officials gave inmates paint to cover up visible deformities in the cell wall structures. (Id. at 14.) Plaintiff has complained about Defendant Collins, the deceased victim's mother from his state court criminal case, using an "illegal brain implant." (Id. at 4-5, 13-14.) Plaintiff was implanted with an "AMI/BCI Device" when housed at Dooly State Prison by use of the trap doors in his cell walls. (Id. at 13.) Defendant Collins paid to have the implant put in Plaintiff's brain for her and the government's illegal experiment. (Id. at 14.)

Plaintiff was also sexually assaulted by unknown individuals in his sleep by use of the trap doors, the brain implant, and by taking advantage of his sleeping disorder. (Id. at 5, 14-15.) Plaintiff has been denied treatment for the disorder, has regular issues with prison officials failing to pay his court fees or return paperwork, and also has been tortured, intimidated, and stalked. (Id.) Plaintiff believes Defendant Collins is "possibly paying facility officials to not" give him a copy of his financials. (Id. at 14.) Plaintiff wrote about his various issues in grievances, and to Defendant Perry, but received no response. (Id. at 7-8, 15.) Plaintiff requests various forms of equitable relief. (Id. at 5, 15.)

B. DISCUSSION

1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

2

from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not

3

mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff's Amended Complaint Is Frivolous and Fails to State A Claim

Plaintiff fails to connect the named Defendants with any allegation of wrongdoing and his amended complaint consists entirely of incoherent, rambling, and delusional allegations. Plaintiff's factual and legal claims "lack[] an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325, 327. Thus, Plaintiff's amended complaint is frivolous and fails to state a claim for relief that is plausible on its face. See Iqbal, 556 U.S. at 678; Denton v. Hernandez, 504 U.S. 25, 32-33 ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." (internal citations omitted)); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Moreover, given the patent frivolity of Plaintiff's complaint, the Court finds it would be futile to require Plaintiff to amend his complaint. See Jeffus v. Mahl, No. 22-12040, 2024 WL 832295, at *2 (11th Cir. Feb. 28, 2024) (*per curiam*) ("[T]he court need not grant a plaintiff leave to amend his complaint when further amendment would be futile. Leave to amend is futile when the complaint as amended would still be dismissed. The question in such cases is not whether the plaintiff has stated a claim, but instead, 'when all is said and done, he can do so.'" (citations omitted) (quoting Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019))). As such, Plaintiff's amended complaint should be dismissed.

### 3. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008).  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed

5

> at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.
>
> . . . .
>
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court told Plaintiff his complaint amounted to a quintessential shotgun pleading and further violated Fed. R. Civ. P. 20. The Court warned him failure to correct pleading deficiencies would result in the Court recommending dismissal. (Doc. no. 3, pp. 3-6.) Moreover, the Court provided Plaintiff with explicit instructions for amending his complaint. (Id. at 4-5.) In response, Plaintiff failed to correct the pleading deficiencies. Instead, he has filed yet another quintessential shotgun pleading that includes a litany of undetailed, conclusory allegations; at points fails to specify which defendant did what; and includes a combination of unrelated and

frivolous claims that occurred over a span of several months at ASMP, all in violation of Rule 20.

The Eleventh Circuit has affirmed dismissal of a *pro se* complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's disregard of the Court's instructions has resulted in the submission of a shotgun amended complaint which amounts to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Such conclusory allegations will not suffice. See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall, C.J.).

Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Further, the Court has already given Plaintiff an opportunity to remedy his pleading deficiencies, to no avail. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies); see also Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing amended complaint nearly identical to original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear"). Thus, Plaintiff's case should be dismissed without prejudice for failing to follow the Court's instructions regarding amending his complaint and for submission of a clearly

defective amended complaint that fails to state a claim upon which relief can be granted against any defendant.

### 4. The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Even if Plaintiff's amended complaint was not due to be dismissed because it is a shotgun pleading, it would be dismissed because Plaintiff failed to truthfully disclose his prior filing history. Here, Plaintiff contends that he has only previously submitted one lawsuit. (Doc. no. 5, p. 9.) However, the Court is aware Plaintiff previously had two other cases pending in federal court: (1) Dozier v. Upton, et al., No. 5:20-CV-121 (S.D. Ga. Jan. 27, 2021) and (2) Dozier v. Central State Prison, et al., No. 2023STP134868 (11th Cir. Nov. 17, 2023). Plaintiff commenced these cases before filing his amended complaint in the instant case, meaning he had every chance to fully disclose his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223,

8

226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior cases discussed above was a blatantly

9

dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

### 5. Plaintiff Fails to State a Valid § 1983 Claim Against Defendant Collins

Defendant Collins is not a proper party under § 1983 because she is not a state actor. "A plaintiff raising a section 1983 claim must show the deprivation of 'a federal right by a person acting under color of state law.'" Gustino v. Stoneybrook W. Master Ass'n, Inc., 842 F. App'x 323, 328 (11th Cir. 2021) (*per curiam*) (quoting Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)). Thus, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). As Plaintiff's claims against Defendant Collins rest entirely on his frivolous and outlandish assertion that she allegedly (1) paid to have a brain implant put in Plaintiff and (2) the brain implant is an illegal experiment used by both her and the government, Plaintiff fails to provide any real facts that would suggest Defendant Collins has acted on behalf of or in concert with the state, he fails to state a valid § 1983 claim against her.

### 6. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing Defendant Perry in only his official capacity. (Doc. no. 5, p. 2.) However, the Eleventh Amendment bars official capacity claims against state officials for monetary damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claim against Defendant Perry for monetary relief fails as a matter of law.

## II. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted,

10

the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**. Because this case is due to be dismissed, Plaintiff's pending motion for due process violations and motion for appointment of counsel should be **DENIED AS MOOT**. (Doc. nos. 16, 22.)

SO REPORTED and RECOMMENDED this 24th day of May, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA