IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KWANE DOZIER,                    *
                                 *
     Plaintiff,                  *
                                 *
          v.                     *          CV 124-009
                                 *
WARDEN PERRY, et al.,            *
                                 *
     Defendants.                 *
                                 *

                        O R D E R

Presently before the Court are Plaintiff's motion for reconsideration (Doc. 31) and motion for leave to appeal *in forma pauperis* ("IFP") (Doc. 36). For the following reasons, Plaintiff's motions are **DENIED**.

## I. BACKGROUND

The relevant facts and procedural background of this case are found in the Magistrate Judge's Report and Recommendation ("R&R") issued May 24, 2024. (Doc. 23, at 1-2.) There, the Magistrate Judge recommended dismissal of Plaintiff's amended complaint based upon Plaintiff's failure to state a claim and to truthfully disclose his filing history. (Id. at 10-11.) Specifically, the R&R found Plaintiff's amended complaint "consist[ed] entirely of incoherent, rambling, and delusional allegations"; constituted a "quintessential shotgun pleading" in violation of a court order;

impermissibly brought an 18 U.S.C. § 1983 claim against a non-state actor; and impermissibly sought monetary relief against a state official in his official capacity. (Id. at 2-10.) The R&R also found Plaintiff, then proceeding IFP, failed to disclose at least one prior lawsuit he had filed. (Id. at 8.) Plaintiff filed no objections to the R&R. On June 18, 2024, this Court adopted the R&R, dismissed Plaintiff's case without prejudice, and denied as moot his outstanding motions. (Doc. 27.)

Plaintiff now asks this Court to reconsider its dismissal of his case (Doc. 31) and for leave to appeal IFP (Doc. 36). The Court will consider each in turn.

## II. MOTION FOR RECONSIDERATION

The Court first considers Plaintiff's motion asking it to reconsider its adoption of the Magistrate Judge's R&R dismissing his case and denying as moot his outstanding motions. (Doc. 31.)

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59(e) or 60. Brown v. Synovus Fin. Corp., 783 Fed. App'x 923, 931 (11th Cir. 2019) (citation omitted). "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while "Rule 60 applies to motions for reconsideration of matters collateral to the merits." Id. (citation omitted). Furthermore, motions brought under 59(e) must be filed within twenty-eight days

of the court's order. FED. R. CIV. P. 59(e). While Plaintiff cites no legal basis for his motion, its substance and timing lead the Court to construe it as a motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted) (alteration adopted). In general, reconsideration "is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). As such, the movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation omitted).

Plaintiff asserts reconsideration is warranted here because the Court: (1) "failed to address the merits of Plaintiff's claims"; (2) "mischaracterized Plaintiff's prior filing history and the validity of his § 1983 claim against Defendant Collins"; (3) failed to "adequately address[]" Plaintiff's claims; and (4)

3

erroneously denied as moot Plaintiff's outstanding motions. (Doc. 31, at 1-2.) Plaintiff's contentions, however, are bereft of any supporting fact or law. (See id.)

Plaintiff also filed a "Motion for Investigation and Medical Treatment/Believability Test" (hereinafter, "motion for investigation") (Doc. 32) on the same day as his motion for reconsideration (Doc. 31). Given the filing date, the Court observes that Plaintiff's motion for investigation, portions of which assert additional facts related to the claims in his amended complaint (Doc. 5), could be construed as intended to supplement his motion for reconsideration. Even so, Plaintiff cannot establish grounds for reconsideration by alleging additional facts known to him at the time he filed his amended complaint. Oceguera v. Alutiiq Sec. & Tech., LLC, No. 10-22220-CIV, 2010 WL 11601246, at *2 (S.D. Fla. Nov. 16, 2010) (denying plaintiff's motion for reconsideration based upon new facts when plaintiff offered no reason for omitting facts in first two complaints) (citing Sanderlin v. Seminole Tribe of Fla., 243 F.2d 1282, 1292 (11th Cir. 2001); Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000)). Nowhere in his motion does Plaintiff contend he did not know of the facts asserted in his motion for investigation when he filed his amended complaint. (See Doc. 32.) Therefore, even if intended to supplement his motion for reconsideration, Plaintiff's motion for investigation fails to convince the Court to reconsider its dismissal of his amended complaint.

Because Plaintiff's conclusory statements and allegations of new facts seemingly known to him when he filed his amended complaint are insufficient to induce this Court to reverse its prior decision, Plaintiff's motion for reconsideration is **DENIED**.[1]

## III. MOTION TO APPEAL IFP

The Court now turns to Plaintiff's motion to appeal IFP. (Doc. 36.)   Federal Rule of Appellate Procedure 24(a)(3) states that "[a] party who was permitted to proceed [IFP] in the district-court action . . . may proceed on appeal [IFP] without further authorization . . . ."   However, this prior authorization rule is restricted when the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed [IFP]," or when "a statute provides otherwise." FED. R. APP. P. 24(a)(3).

An appeal is not taken in good faith if it seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962).   A claim is frivolous "if it is without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002), overruled on other grounds by

---

[1] Plaintiff has filed a motion for immediate release (Doc. 37) in addition to his motion for investigation (Doc. 32).  Both motions were filed after the Court dismissed this case, yet in them Plaintiff seems to assert new claims against previously unnamed defendants and to request additional relief.  (See Docs. 32, 37.)  Because the Court herein denies Plaintiff's motion for reconsideration, this case remains **CLOSED**. Therefore, Plaintiff must file a new case in order to assert new claims, name other defendants, or request additional relief.

Hoever v. Marks, 993 F.3d 1352 (11th Cir. 2021) (internal quotations and citation omitted). In other words, "[a] claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless." United States v. Keating, No. 2:12-cr-23, 2018 WL 10809628, at *1 (S.D. Ga. Nov. 7, 2018) (citations omitted).

Here, Plaintiff was granted leave to proceed IFP before this Court. (Doc. 3, at 1.) Rule 24(a)(3) therefore permits Plaintiff to appeal IFP unless the appeal falls within the ambit of the rule's prior approval restrictions. FED. R. APP. P. 24(a)(3). Such is the case here. Plaintiff provides no reasons for his appeal in the pending IFP motion or in his notice of appeal. (See Docs. 33, 36.) However, Plaintiff's amended complaint, the dismissal of which he appeals, was found frivolous in the first instance. (Doc. 23, at 4.) As the R&R noted, "Plaintiff's factual and legal claims 'lack an arguable basis either in law or in fact.'" (Id.) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Since his claims are meritless, Plaintiff's appeal is frivolous; therefore, his motion to appeal IFP is **DENIED**.

## IV. CONCLUSION

For the reasons explained above, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. 31) and motion to appeal IFP (Doc. 36) are **DENIED**, and this case remains **CLOSED**. The

Clerk is **DIRECTED** to **TERMINATE** all other pending motions in this case and **TRANSMIT** this Order to the Eleventh Circuit Court of Appeals.

   **ORDER ENTERED** at Augusta, Georgia, this $\underline{3^{rd}}$ day of December, 2024.

                                    _____
                                    HONORABLE J. RANDAL HALL
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA